## SAMUEL J. TAYLOR ET AL. v. J. L. TOMPKINS.

(No. 1881, Op. Book No. 2, p. 283.)

APPEAL from Denton County. Opinion by WATTS, J.

§ 1050. *Promissory note; negotiable and non-negotiable.* An indispensable quality of a negotiable promissory note is that it be for the payment of *money only.* [1 Daniel on Neg. Inst. §§ 55 to 59.] It matters not what form of words may be used, if the maker of the note has the option to discharge the same either in money or in property, it is not a negotiable note. [Hopkins v. Seymour, 10 Tex. 202.]

**§ 1051.** *Estoppel in pais.*  When one by his words or conduct voluntarily causes another to believe the existence of a certain state of things, and thereby induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.  This is known in law as an *estoppel in pais.* [Latham v. Pledger, 11 Tex. 439; Love v. Barber, 17 Tex. 312; Little v. Birdwell, 21 Tex. 597; Williams v. Chandler, 25 Tex. 4; Scoby v. Sweatt, 28 Tex. 713; Page v. Arnim, 29 Tex. 53; Ryan v. Maxey, 43 Tex. 192.]  A party may be estopped by acts and declarations which were designed to influence another who has acted upon them, although both parties were ignorant that what is thereby represented is not true; for if one of two innocent parties must suffer, he through whose agency the loss occurred should sustain it.  [Page v. Arnim, 29 Tex. 53.]  But it will be observed that to work an estoppel, when both parties are ignorant of the true state of the case, the acts or declarations must be done or made with the design to influence the other to act in the particular matter.  Only the parties and their privies are bound by an estoppel, and only those to whom the representations were made or intended to influence, and their privies, can avail themselves of it.  [Bigelow on Estoppel, p. 484.]

May 25, 1881.          Reversed and remanded.